**Spencer Kermit SATCHELL, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14294.**

Court of Criminal Appeals of Oklahoma.

June 19, 1968.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Spencer Kermit Satchell, hereinafter referred to as defendant, was tried by a jury in the District Court of Oklahoma County for the crime of Petit Larceny After Former Conviction of a Felony, was found guilty, and from the judgment and sentence assessing his punishment at four years imprisonment in the State Penitentiary, he appeals.

The single assignment of error upon which it is urged that this case must be reversed and remanded, arose when the trial judge overruled defendant's challenge to the jury panel.

On November 16, 1966, Presiding Judge Clarence M. Mills entered an order holding the present jury panel which began service on November 7, 1966, to continue an extra six days to complete the jury business. Counsel for defendant then filed a challenge to the panel and moved that his case be continued to a later date. Said challenge to the jury panel and motion were overruled and defendant's cause then proceeded to trial on November 21, 1966.

It is significant that the voir dire examination of the jurors is not contained within the casemade, nor is it presently urged that the trial court erred in refusing to sustain a challenge to any particular juror on voir dire examination. Defendant urges that there was material variation in the summoning and selection of the jurors, but fails to support this contention with a citation of authority, nor does he allege in what manner he was prejudiced in the selection of the jurors.

 We held in Wadsworth v. State, 9 Okl.Cr. 84, 130 P. 808, and cited with approval in Maddox v. State, 12 Okl.Cr. 462, 158 P. 883, that:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law in respect to the drawing and return of the jury or on the intentional omission of the sheriff to summon one or more of the jurors drawn from which the defendant has suffered material prejudice."

In the instant case the defendant, having failed to preserve his challenge to the individual jurors on voir dire examination, and having failed to except to the ruling of the court on these challenges, and having failed to demonstrate any material prejudice to the defendant, we are of the opinion that this assignment of error is without merit.

It otherwise appearing that the evidence amply supports the verdict of the jury, the court properly instructed them, and the judgment and sentence imposed was well within the range of punishment provided by law, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.